WILLIAM MITCHELL PRINTING COMPANY ET AL. v. THE CITIZENS BANK OF GREENFIELD, INDIANA.

[No. 15,346. Filed July 1, 1936. Rehearing denied October 13, 1936.]

574

*Charles L. Tindall, Samuel J. Offut* and *Waldo C. Ging,* for appellant.

*Jackson & Hinchman,* for appellee.

WIECKING, J.—This was an action by the Citizens Bank of Greenfield, Indiana, plaintiff below, on certain promissory notes and to foreclose a mortgage securing said notes and to have a receiver appointed during the pendency of the action and during the period of redemption. The cause was tried before the Hancock Circuit Court and judgment was rendered in favor of the appellee, Citizens Bank of Greenfield. Appellants filed a motion for new trial which was overruled and this appeal followed. Errors assigned for reversal in this court are (1) that the court erred in appointing a temporary receiver to take charge of the mortgaged property described in the plaintiff's complaint; (2) that the court erred in its order and final decree in continuing the appointment of the receiver to take charge of the rents and profits of the mortgaged property described in the plaintiff's complaint during the year of redemption; (3) error of the court in overruling appellant's motion for new trial; (4) that the court erred in overruling appellant's motion to set aside the court's order appointing a receiver to take charge of the mortgaged property described in the plaintiff's complaint; and (5) the court erred in overruling appellant's motion to set aside that part of the final decree continuing the appointment of a receiver to take charge of the mortgaged property de-

scribed in the plaintiff's complaint, and collect the rents and profits therefrom during the year of redemption.

Rule 21, clause 6, of the rules of this court, effective November 15, 1933, is as follows:

"Sixth. The briefs *shall contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on, stating its number as designated in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the cause relied upon numbered as in the motion.* Each of the foregoing assignments shall be separately considered by separately numbered propositions concisely stated without argument, supported by separately numbered or lettered points and authorities. *Assigned errors not treated as herein directed shall be deemed as waived.* In citing cases the names of the parties must be given, with the book and page where reported. Indiana cases officially reported shall be cited from the book and page of the official report. No alleged error or point not contained in the statement of error or points shall be raised afterwards either by reply brief or oral or printed argument, or by a petition for a rehearing." (Our italics.)

Appellant's brief states eleven abstract "points" under the heading of "Propositions, Points and Authorities Relied Upon for Reversal of the Judgment" but fails to set out any place which of the assigned errors the points are addressed to or which cause of the motion for new trial, if any, such points support. The brief does not conform to the requirements of Rule 21, clause 6, above set out.

The judgment of the Hancock Circuit Court is affirmed.

Judgment affirmed.